IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CR-199-CVE |
| ) | |
| OSCAR FUENTES DIAZ, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Reconsider Pre-Trial Release. [Dkt. No. 82]. The Court has determined that, pursuant to law in the Tenth Circuit, the proper vehicle for this motion is an appeal to the District Judge, not to the undersigned Magistrate Judge.

Pursuant to a Complaint, a warrant was issued for Defendant Oscar Fuentes Diaz ("Diaz") on November 5, 2012. Diaz was indicted in the Northern District of Oklahoma on November 7, 2012, and was arrested in Arizona the same day. Diaz appeared before U.S. Magistrate Judge David Duncan for Initial Appearance. The Government moved for pre-trial detention and Diaz requested a hearing in Arizona. On November 19, 2012, Magistrate Judge Duncan ordered Diaz detained as a flight risk. [Case No. 12-mj-03544-LOA, Dkt. No. 8].

Diaz was transferred to this district and appeared before the undersigned U.S. Magistrate Judge on December 18, 2012. [Dkt. No. 65]. On January 23,

2013, Diaz asked for reconsideration of his pre-trial detention. [Dkt. No. 82]. Thereafter the matter was referred to the undersigned. [Dkt. No. 83].

Under the law in this circuit, Diaz has two options in seeking reconsideration, review or appeal of Judge Duncan's Order. First, under 18 U.S.C. § 3142(f), he can ask Judge Duncan to reconsider his Order based on new evidence or information that would materially influence the detention/release decision. *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003). Reconsideration must be sought from the same judge who entered the initial detention order. *Id.*

Second, pursuant to 18 U.S.C. § 3145(a) and (b), Diaz can seek review of appeal of Judge Duncan's Order. However, the Tenth Circuit has held that in this circumstance, "[t]he motion should be considered and ruled upon in the first instance by a district judge in the court of original jurisdiction." *Cisneros*, 328 F.3d at 615.

Under *Cisneros*, the undersigned has no authority to rule on Diaz' motion. *Id.* at 616.

ACCORDINGLY, further proceedings on this motion will be conducted by the assigned District Judge.

DATED this 4th day of February 2013.

_____
Paul J. Cleary
United States Magistrate Judge